IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **HESMAN TALL,** | * | |
| Plaintiff, | | Case No.: GJH-21-2123 |
| | * | |
| v. | | |
| | * | |
| **COMMISSIONER OF THE HOWARD COUNTY HOUSING AUTHORITY** | * | |
| | * | |
| **Defendant.** | | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM OPINION**

Plaintiff Hesman Tall brings this *pro se* action against Defendant Peter Engel, Commissioner of the Howard County Housing Authority ("Commissioner") seeking reasonable accommodations under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C § 12101, *et seq.*, and the Fair Housing Act ("FHA"), 42 U.S.C. § 3604, *et seq.*, in addition to other identified federal regulations. *Id.* Pending before the Court are a number of motions including Defendant's Motion to Dismiss, ECF No. 6, Plaintiff's Motion to Strike Defendant's Motion to Dismiss, ECF No. 8, Plaintiff's Motion for In-Person Hearing, ECF No. 12, and Plaintiff's Motion for Leave to File Surreply, ECF No. 15. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, Defendant's Motion to Dismiss, ECF No. 6, is granted. Plaintiff's Motion to Strike, ECF No. 8, Motion for In-Person Hearing, ECF No. 12, and Motion for Leave to File Surreply, ECF No. 15, are denied as moot.

1

I.    **BACKGROUND**[1]

   A. **Factual Background**

Plaintiff alleges that he is a victim of identity theft, which has ruined his credit and caused him undue hardship in trying to obtain a lease. ECF No. 3 at 1–2.[2] Specifically, Plaintiff's "credit has been ruined[,] which has made it almost impossible to obtain a Lease." *Id.* at 2.

As a result of this identity theft, Plaintiff requests "an extension of the voucher term up to the date that [he] is approved for an apartment lease" by an apartment management company or a landlord/property owner. *Id.* Plaintiff requests an extension of the voucher term to provide him access to the Housing Choice Voucher Program. *Id.* at 3. This program requires a credit check by an apartment management company or property owner, and Plaintiff contends that, to be approved, his credit must be sufficiently repaired by a correction of his credit report and a deletion of negative effects to his credit. *Id*. at 3. Plaintiff also alleges that he will suffer detrimental consequences once a property owner runs a credit check, including, for example, the denial of a lease agreement, an extension of the amount of time in which Plaintiff can apply for another lease, a delay in the removal of a denial on a credit report, or the negative impact of a property owner's inquiry on his credit report. *Id.* at 2–3.

Moreover, Plaintiff alleges that Defendant knows that Plaintiff has a disability and is a victim of identity theft yet refuses to consider and remedy such extenuating circumstances and undue hardship. *Id*. at 3, 1. In support of his allegations, Plaintiff attaches the following: (1) a copy of the police incident report in which he alleged that he was a victim of identity theft, ECF

---

[1] Unless otherwise stated, the background facts are taken from Plaintiffs' Amended Complaint, ECF No. 3, and are presumed to be true. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

No. 3-1 at 2, (2) a copy of an email conversation with a Senior Program Manager from the Howard County Housing Commission in which he requests reasonable accommodation under the ADA, *id.* at 4–7, and (3) a copy of an undated document from the Social Security Administration showing that he received $837.60 in benefits in August 2021 and that he would "receive $1,001.00 on or about the third of each month" after that, *id.* at 9.

### B. Procedural Background

On August 19, 2021, Plaintiff filed a Motion for Injunctive Relief Under Reasonable Accommodations Laws Under Authority Of The Americans with Disabilities Act And Prohibitions On Undue Hardship, which the Court interpreted to be a Complaint, ECF No. 1, in addition to a Motion for Leave to Proceed In Forma Pauperis ("IFP Motion"), ECF No. 2. On August 27, 2021, Plaintiff filed an Amended Complaint, ECF No. 3. On October 12, 2021, the Court granted Plaintiff's IFP Motion, ECF No. 4, and the Clerk issued a summons to the Commissioner, ECF No. 5. On November 22, 2021, Defendant filed the now pending Motion to Dismiss, ECF No. 6. On December 1, 2021, Plaintiff filed a Motion to Strike Defendant's Motion to Dismiss, ECF No. 8, and on December 15, 2021, Defendant filed a Reply to Plaintiff's Motion to Strike Defendant's Motion to Dismiss, ECF No. 9. On January 6, 2021, Plaintiff filed a response to Defendant's Reply, ECF No. 10. On January 31, 2022, the summons was returned executed. ECF No. 11.[3] On February 25, 2022, Plaintiff filed a Motion for an In-Person Hearing, ECF No. 12, which Defendant opposed on March 4, 2022, ECF No. 13. On March 18, 2022, Plaintiff filed a Motion for Leave to File Surreply, ECF No. 15.

---

[3] In the Motion to Dismiss, Defendant contends that while the Complaint, Amended Complaint, and accompanying exhibits, were served by the U.S. Marshal Service on November 3, 2021, the included summons was not signed or sealed by the Clerk of Court, and that neither the Amended Complaint, nor the summons with the Clerk's seal, was served. ECF No. 6-1 at 2. Defendant states that it had to obtain copies through PACER, however it has indicated that, "[t]o the extent [Plaintiff] failed to effect proper service on Defendant . . . [it] waives proper service." *Id.* n.1.

## II.     STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville, Md.*, 891 F.3d 141, 145 (4th Cir. 2018). To overcome a 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must "provide sufficient detail" to show "a more-than-conceivable chance of success on the merits." *Upstate Forever v. Kinder Morgan Energy Partners*, 887 F.3d 637, 645 (4th Cir. 2018) (citing *Owens v. Balt. City State's Attorneys Office*, 767 F.3d 379, 396 (4th Cir. 2014)). The mere recitation of "elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen,* 684 F.3d 435, 439 (4th Cir. 2012). Nor must the Court accept unsupported legal allegations. *Revene v. Charles Cnty. Commis.*, 882 F.2d 870, 873 (4th Cir. 1989).

The Court is mindful that Plaintiff is a self-represented litigant. Self-represented litigants' pleadings are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. Appx. 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. 10-cv-3517-DKC, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim.") (citation omitted), *aff'd*, 526 F. Appx. 255 (4th Cir. 2013).

**III.    DISCUSSION**

Defendant argues that the Amended Complaint must be dismissed because Plaintiff has failed to allege sufficient facts to demonstrate that he is a qualified individual with a disability under either the ADA or the FHA. ECF No. 6-1 at 3, 5.

"Title II of the ADA provides that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" *Nat'l Fed'n of the Blind v. Lamone*, 813 F.3d 494, 502 (4th Cir. 2016) (quoting 42 U.S.C. § 12132). To state a claim under Title II of the ADA, a plaintiff must show that (1) he is a person with a disability; (2) he is otherwise qualified for the benefit in question; (3) he was denied the benefits, or was otherwise discriminated against, on the basis of his disability. *See id.* Under the ADA, "a 'disability' may take any of the following forms: (1) 'a physical or mental impairment that substantially limits one or more major life activities' (the 'actual-disability' prong); (2) 'a record of such an impairment' (the 'record-of' prong); or (3) 'being regarded as having such an impairment' (the 'regarded-as' prong)." *Summers v. Altarum Inst., Corp.*, 740 F.3d 325, 328 (4th Cir. 2014) (citing 42 U.S.C. § 12102(1)). "To survive a Motion to Dismiss, the plaintiff must explain how the alleged disability meets one of these criteria; merely parroting the statutory language does not suffice." *Richardson v. Maryland Transit Admin.*, No. 18-cv-0884-RDB, 2019 WL 1002597, at *7 (D. Md. Mar. 1, 2019) (citing *Wicomico Nursing Home v. Padilla*, 910 F.3d 739, 751 (4th Cir. 2018) (determining that plaintiffs had failed to allege that nursing home residents had disabilities because the Complaint merely alleged that they were "qualified individuals with a disability.")).

Similarly, under the Fair Housing Act, it is unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of that person[.]" 42 U.S.C. § 3604(f)(2)(A). To state a claim for discrimination under Section 3604(f), a plaintiff "must show that he is handicapped and that he was either discriminated against because of his handicap or denied a reasonable accommodation necessary to allow him the same use and enjoyment of his dwelling as other non-handicapped persons." *See Roberson v. Graziano*, No. 09–cv-3038-WDQ, 2010 WL 2106466, at *2 (D. Md. May 21, 2010). "Similar to other federal statutes, the FHA defines 'handicap' as: '(1) a physical or mental impairment which substantially limits one or more of such person's major life activities; (2) a record of having such an impairment; or, (3) being regarded as having such an impairment.'" *Fedynich v. Lozano*, No. 3:20CV260, 2021 WL 710368, at *6 (E.D. Va. Feb. 23, 2021).

Here, Plaintiff fails to allege any facts in the Amended Complaint to indicate that he has a physical or mental impairment that would constitute a disability under the ADA. Rather, Plaintiff alleges that he experienced "extenuating circumstances" and "undue hardship" caused by the theft of his identity, which "ruined [Plaintiff's] credit." ECF No. 3 at 1. While Plaintiff has submitted a document from the Social Security Administration indicating that he received social security benefits as of July 2021, both the Amended Complaint and the document from the Social Security Administration are devoid of any reference to a physical or mental impairment, or one that "substantially limits one or more major life activities." *See* 42 U.S.C. § 12102(1). Because Plaintiff has failed to allege a disability, he "fails to allege an essential element of a disability claim under the ADA." *See Bailey v. Ares Grp., Inc.*, 803 F. Supp. 2d 349, 360 (D. Md. 2011). As such, Plaintiff's allegations fail to state a claim, and Plaintiff's claim under Title II of

the ADA must be dismissed. *See id.*; *see also Williams v. Am. Lumpers Servs., LLC*, No. 20-cv-1342-GLR, 2021 WL 1087064, at *6 (D. Md. Mar. 22, 2021) (holding that where plaintiff "fails to allege that he had a qualifying disability . . . [he] fails to state a claim for failure to accommodate and this claim must be dismissed.").

Moreover, Plaintiff's claim under the FHA suffers the same fate. Because he fails to allege facts sufficient to demonstrate that he has a disability under the ADA, Plaintiff, too, fails to allege facts sufficient to show that he is a person with a handicap under the FHA. *Compare* 42 U.S.C. §3602(h) *with* 42 USC § 12102(1); *see also Tangires v. Johns Hopkins Hospital*, 79 F. Supp. 2d 587, 594–95 (D. Md.), *aff'd*, 230 F.3d 1354 (4th Cir. 2000)) (discussing "disability" under the ADA using the same standard as the FHA). Although Plaintiff's claims must be liberally construed, the Court is "not also required to construct a party's legal arguments for him." *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Accordingly, Plaintiff's Amended Complaint must be dismissed.[4]

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 6, is granted. Plaintiff's Motion to Strike, ECF No. 8, Motion for In-Person Hearing, ECF No. 12, and Motion for Leave to File Surreply, ECF No. 15, are denied as moot. A separate Order shall issue.

Date: July 15, 2022         /s/
                            GEORGE J. HAZEL
                            United States District Judge

---

[4] Because the Social Security Administration document indicates Plaintiff does have a disability, Plaintiff will be provided with an opportunity to amend the Complaint if he can sufficiently allege a disability for ADA and FHA purposes and allege how he has been discriminated against on the basis of his disability.